STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In re*: J.C.

No. 16-0509 (Berkeley County 12-JA-120)

**MEMORANDUM DECISION**

Petitioner Mother K.C., by counsel William T. Rice, appeals the Circuit Court of Berkeley County's May 3, 2016, order terminating her parental rights to fifteen-year-old J.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), R. Steven Redding, filed a response on behalf of the child also in support of the circuit court's order and also filed a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion to continue the dispositional hearing.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2012, the DHHR filed an abuse and neglect petition against petitioner alleging that she failed to provide her handicapped child, J.C., with proper medical care or education. The petition contained additional allegations that petitioner claimed that the child was autistic but failed to obtain a diagnosis, assistance for the child, or seek treatment. The petition further alleged that, as a result of petitioner's neglect, the child was non-verbal, not toilet-trained, did not wear clothing, and rarely left the home. Subsequently, the circuit court removed the child

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

from petitioner's home and placed him at the Grafton School in Winchester, Virginia[3]. Petitioner was granted visitation with the child at the Grafton School.

In March of 2014, petitioner appeared before the circuit court and offered to relinquish her custodial and guardianship rights to the child. The circuit court accepted petitioner's relinquishment and terminated her custodial and guardianship rights to the child. The circuit court ordered the DHHR to continue petitioner's visitation with the child at the Grafton School. Between 2014 and 2015, petitioner visited the child only sporadically and caused some disruptions while visiting the child. According to the Grafton School staff, as a result of the disruptions, the child suffered some behavioral setbacks. The staff notified petitioner of the child's behavioral setbacks and invited her to participate in applied behavioral therapy training offered free of charge by the Grafton School. However, petitioner failed to participate in that training.

During the same period, an applied behavioral analysis therapist worked with the child for nine months and developed a good rapport with him. The therapist inquired with the guardian about the child's placement, completed foster parent training, and later informed the guardian that she wished to adopt the child. Based on these circumstances, the guardian filed a motion to modify the disposition and allow for the child's placement with the therapist. According to the guardian's motion, the therapist was an appropriate permanent placement option for the child. Counsel was appointed for petitioner, and the matter was scheduled for a hearing on the guardian's motion.

The first motion hearing was rescheduled due to adverse weather conditions. Thereafter, petitioner moved the circuit court to continue the hearing again due to petitioner's car trouble. The circuit court granted petitioner's motion to continue the hearing and rescheduled the hearing for a later date.

In April of 2016, the circuit court held a hearing on the guardian's motion to modify. Petitioner did not appear but was represented by counsel. Petitioner's counsel moved the circuit court to continue the hearing yet again because petitioner reported having car trouble again the day of the hearing. The circuit court refused petitioner's motion and proceeded with the hearing on the guardian's motion. The child's case manager from the Grafton School and the child's foster mother testified in support of the guardian's motion. At the close of the evidence, the circuit court terminated petitioner's parental rights by order dated May 3, 2016, and found that "[t]o not modify disposition to permit [the child] this opportunity at a normal and productive a life as possible would be doing the cruelest disservice imaginable to this young man." The circuit court further ordered post-termination visitation between petitioner and the child, with visits left to the discretion of the caregivers at the Grafton School. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

---

[3]The Grafton School provides specialized care and education for children and adults with autism and other complex physical and mental disabilities.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, we find no error in the circuit court's order denying petitioner's motion to continue the dispositional hearing.

On appeal, petitioner argues that the circuit court erred in denying her motion to continue the dispositional hearing. According to petitioner, the circuit court's error denied her sufficient notice that the hearing on the guardian's motion jeopardized her parental rights. We disagree. We have previously held that the decision to grant a motion for a continuance in an abuse and neglect proceeding "is a matter left to the discretion of the circuit court." *In re Tiffany Marie S.*, 196 W.Va. 223, 235, 470 S.E.2d 177, 189 (1996). As previously mentioned, the record on appeal indicates that petitioner was represented by counsel at the dispositional hearing. Contrary to petitioner's argument, her presence would not have had an impact on the hearing. The record on appeal indicates that petitioner failed to make any progress during the pendency of this case. The circuit court indicated as much by noting that "there is no information to support the return [of the child] to the biological [mother]." As such, we find that the circuit court did not err in denying petitioner's motion to continue.

Petitioner also claims that the denial of her motion to continue deprived her of proper notice that the modification proceeding could result in the termination of her parental rights. We disagree. Pursuant to West Virginia Code § 49-4-604(a),

[u]pon motion . . . alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing pursuant to section six hundred four of this article and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

It is clear from a plain reading of the statute that a modification proceeding could result in a different disposition. The guardian's motion provided petitioner with sufficient notice that her parental rights could be terminated as a result of the proceeding. See West Virginia Code § 49-4-604(a). Furthermore, the guardian's motion to modify the disposition clearly stated that he was moving the circuit court to modify the disposition because "an appropriate *permanent* placement

option for the child had been identified." (Emphasis added). Consequently, under the facts presented here, we find no error in the circuit court's order.

For the foregoing reasons, we hereby affirm the circuit court's May 3, 2016, order.

Affirmed.

**ISSUED**: February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker